Steve VANN *v.* STATE of Arkansas

CR 91-191                                   831 S.W.2d 126

Supreme Court of Arkansas
Opinion delivered May 11, 1992

*Martin E. Lilly*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Catherine Templeton*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. We hold that A.R.E. Rule 803(25), the "statute" of evidence enacted by the General Assembly, violates the Confrontation Clause of the Sixth Amendment. We make no holding as to its validity in civil cases. The facts in the case are as follows. The appellant was charged with the rape of his three-year-old niece. As provided in A.R.E. Rule 803(25), the State moved for a pre-trial hearing to prove the "reasonable likelihood of trustworthiness" of the three-year-old child's out-of-court statements to her mother, a nurse, and a policeman. The trial court heard the evidence on the motion and found that the child was not competent to testify, but found that her statements possessed such a "reasonable likelihood of trust-worthiness" that they could be admitted in evidence at the trial on the merits. At the trial, the hearsay statements were admitted, and the appellant was convicted of rape and sentenced to forty years in prison. We reverse and remand for a new trial.

In the majority opinion of *George* v. *State*, 306 Ark. 360, 813 S.W.2d 792 (1991), we held, "Rule 803 (25) is constitutionally defective on its face, and we so hold." However, the majority opinion affirmed the use of the hearsay statements because they

were "spontaneous," "consistent," "plausible," and "trustworthy." On the petition for rehearing, the majority denied rehearing and issued a one-judge supplemental opinion stating that the child's statement to her mother was admissible under Rule 803(25) as well as under Rule 803(2), the excited utterance rule. *George v. State*, 306 Ark. 374-A, 818 S.W.2d 951 (1991). The one-judge opinion further held that the statement to the child's father was admissible under the "criteria" of *Idaho v. Wright*, 110 S. Ct. 3139 (1990). Three Justices, Hays, Glaze, and Corbin, who were familiar with the reasoning expressed in *Idaho v. Wright, supra*, only concurred with the result of the one-judge supplemental opinion and candidly stated that they would "respectfully hope the Supreme Court quickly reexamines that holding and mercifully overrules it." *George v. State*, 306 Ark. at 374-D, 818 S.W.2d at 953. Chief Justice Holt and Justices Dudley and Newbern dissented on the basis of the Confrontation Clause. *Id.* at 374-E, 818 S.W.2d at 953. The Supreme Court has now handed down another decision involving out-of-court statements by children. *White v. Illinois*, 60 U.S.L.W. 4094 (1992). The opinion of the Court favorably cites *Idaho v. Wright, supra. See White v. Illinois*, 60 U.S.L.W. at 4097 n.8. As a result, Justices Hays and Glaze who concurred in the result of the one-judge supplemental opinion in *George v. State, supra*, no longer think it is probable that the Supreme Court will quickly reexamine its holding in *Idaho v. Wright, supra*, and now join in holding that, under the reasoning of *Idaho v. Wright*, Rule 803(25) is unconstitutional. *See George v. State*, 306 Ark. at 374-D, 818 S.W.2d at 953 (Glaze, J., concurring). All of us recognize the complications caused by our prior diverse opinions on this federal issue and by this opinion hope to draw a clear line for the use of out-of-court statements of children.

Preliminarily, we note that the appellant does not argue that the General Assembly could not validly enact this "rule" of evidence dealing with hearsay, *see State v. Sypult*, 304 Ark. 5, 800 S.W.2d 402 (1990), and accordingly we do not discuss that issue. The appellant does not argue that the hearsay statement of a child is inadmissible when the child is declared to be incompetent to testify. The Supreme Court has expressly reserved this issue, *Idaho v. Wright*, 110 S. Ct. at 3147, and we do not address it. We address only the issue of whether Rule 803(25) deprived

the accused of his right of confrontation in this case.

The Confrontation Clause of the Sixth Amendment, made applicable to the States through the Fourteenth Amendment, mandates that a declarant's out-of-court statement, when repeated by someone other than the declarant and offered to prove the truth of the matter asserted, may be admitted into evidence only if it bears *"adequate indicia of reliability."* If the statement does not fall within a firmly rooted hearsay exception, such as the "excited utterance," it is *presumptively unreliable and inadmissible* for Confrontation Clause purposes. To fall within the admissible category, the evidence must show that *"the declarant's truthfulness is so clear from the surrounding circumstances that the test for cross-examination would be of marginal utility. . . ." Idaho* v. *Wright,* 110 S. Ct. at 3149 (emphasis added). In explaining the evidence required to make the declarant's truthfulness so clear, the Court's opinion gave deeply rooted exceptions to the hearsay rule as examples.

In contrast to the deeply rooted exceptions, the Court discussed residual hearsay exceptions, which are comparable to Rule 803(25), as follows:

> *Hearsay statements admitted under the residual exception, almost by definition, therefore do not share the same tradition of reliability that supports the admissibility of statements under a firmly rooted hearsay exception. Moreover, were we to agree that the admission of hearsay statements under the residual exception automatically passed Confrontation Clause scrutiny, virtually every codified hearsay exception would assume constitutional stature, a step this Court has repeatedly declined to take.*

*Id.* at 3148 (emphasis added).

██  However, deeply rooted exceptions to the hearsay rule are not the only statements which might be admissible without violating the Confrontation Clause. "Even if certain hearsay evidence does not fall within 'a firmly rooted hearsay exception' and is thus presumptively unreliable and inadmissible for Confrontation Clause purposes, it may nonetheless meet Confrontation Clause reliability standards if it is supported by a 'showing of particularized guarantees of trustworthiness.' " *Id.* at 3147.

The Court identified some factors that might be used for determining "particularized guarantees of trustworthiness" so that "the declarant's truthfulness is so clear from the surrounding circumstances that the test for cross-examination would be of marginal utility," as follows:

> The state and federal courts have identified a number of factors that we think properly relate to whether hearsay statements made by a child witness in child sexual abuse cases are reliable. See, *e.g., State* v. *Robinson*, 153 Ariz. 191, 201, 735 P.2d 801, 811 (1987) (spontaneity and consistent repetition); *Morgan* v. *Foretich*, 846 F.2d 941, 948 (CA4 1988) (mental state of the declarant); *State* v. *Sorenson*, 143 Wis.2d 226, 246, 421 N.W.2d 77, 85 (1988) (use of terminology unexpected of a child of similar age); *State* v. *Kuone*, 243 Kan. 218, 221-222, 757 P.2d 289, 292-293 (1988) (lack of motive to fabricate). Although these cases (which we cite for the factors they discuss and not necessarily to approve the results that they reach) involve the application of various hearsay exceptions to statements of child declarants, we think the factors identified also apply to whether such statements bear "particularized guarantees of trustworthiness" under the Confrontation Clause. These factors are, of course, not exclusive, and courts have considerable leeway in their consideration of appropriate factors. We therefore decline to endorse a mechanical test for determining "particularized guarantees of trustworthiness" under the Clause. Rather, the unifying principle is that these factors relate to whether the child declarant was particularly likely to be telling the truth when the statement was made.

*Id.* at 3150.

■ Rule 803(25) denies the appellant his right of confrontation since it provides that the hearsay statement of a child *is admissible* upon showing only that it possesses a *"reasonable likelihood* of trustworthiness." On its face, this is a far lesser standard than is required by the Confrontation Clause. As previously stated, the Confrontation Clause requires that the statement bear such *"adequate indicia of reliability"* that *"the declarant's truthfulness is so clear from the surrounding cir-*

*cumstances that the test of cross-examination would be of marginal utility." Id.* at 3149 (emphasis added).

In the case at bar the trial court ruled that the statement the child gave to her mother was admissible under Rule 803(25) and, in addition, ruled it was admissible under Rule 803(2), the excited utterance rule. Upon retrial, the trial court may again find that the statement should be admitted as an excited utterance without violating the Confrontation Clause because the excited utterance rule is a deeply rooted exception to the hearsay rule. *See White* v. *Illinois, supra.* Also see *Smith* v. *State,* 303 Ark. 524, 798 S.W.2d 94 (1990), for the time period for an excited utterance by a child. The trial court held that the statement to the nurse was admissible under Rule 803(25) and also under Rule 803(4), the exception for statements made in the course of securing medical treatment. The Supreme Court has held that the exception for statements made in the course of securing medical treatment is so deeply rooted that admission of evidence under it does not violate the Confrontation Clause. *White* v. *Illinois, supra.* Thus, if the statements to the mother and the nurse were the only statements admitted there would be no violation of the Confrontation Clause, and we would affirm this case. However, a police officer interviewed the child, and pursuant to Rule 803(25), the trial court allowed the policeman to testify about the answers the child gave to his questions. This evidence was admissible only under Rule 803(25) and constituted a clear violation of the appellant's right to confrontation. In its brief, the State tacitly acknowledged that this might be error and asked us to affirm the case on the basis of harmless error.

This case presents the violation of a federal, not a state, constitutional right. The foundation for the harmless error rule in cases involving violations of federal constitutional rights is *Chapman* v. *California,* 386 U.S. 18 (1967). There the Court held that there may be some constitutional errors that are harmless and do not require reversal, but the rule for such a doctrine would necessarily be a federal rule, and not one of the various rules fashioned by the several states. The Court then wrote:

> In fashioning a harmless-constitutional-error rule, we must recognize that harmless-error rules can work very

unfair and mischievous results when, for example, highly important and persuasive evidence, or argument, though legally forbidden, finds its way into a trial in which the question of guilt or innocence is a close one.

. . .

We prefer the approach of this Court in deciding what was harmless error in our recent case of *Fahy* v. *Connecticut*, 375 U.S. 85. There we said: "The question is whether there is a *reasonable possibility that the evidence complained of might have contributed to the conviction.*"

. . .

We, therefore, do no more than adhere to the meaning of our *Fahy* case when we hold, as we now do, that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt. While appellate courts do not ordinarily have the original task of applying such a test, it is a familiar standard to all courts, and we believe its adoption will provide a more workable standard, although achieving the same result as that aimed at in our *Fahy* case.

*Id.* at 22, 23, & 24 (emphasis added).

■ The appellant in this case was convicted of the crime of rape by sexual intercourse with a person who was under the age of fourteen. *See* Ark. Code Ann. § 5-14-103(a)(3) (1987). The State was required to prove "sexual intercourse" as an element of the crime and that meant the State had to prove "penetration, however slight, of [the victim's] vagina by [the appellant's] penis." Ark. Code Ann. § 5-14-101(9) (1987). The police officer's hearsay testimony was the only direct evidence of penetration. All other evidence concerning penetration was circumstantial. Without doubt, there is a reasonable possibility that the officer's direct testimony about penetration might have contributed to the proof of that element of the crime. As a result, this case does not come within the harmless error rule for cases involving federal constitutional violations.

Appellant additionally argues that the trial court impermissibly limited his cross-examination of the child's mother. It is

doubtful the same factual situation will arise on retrial, and we do not address the point.

Reversed and remanded.

HAYS and GLAZE, JJ., concur.

BROWN, J., dissents.

TOM GLAZE, Justice, concurring. This court's plurality decision in *George* v. *State*, 306 Ark. 360, 813 S.W.2d 792 (1991) (*George I*), which was supplemented by opinion in *George* v. *State*, 307 Ark. 374-A, 818 S.W.2d 951 (1991) (*George II*), was our first occasion to consider the recent case of *Idaho* v. *Wright*, ___ U.S. ___, 110 S.Ct. 3139 (1990). In *George I*, the majority court held that, under *Wright*, our A.R.E. Rule 803(25) ran afoul of the Confrontation Clause. The majority opinion said that the utilization of the factors listed in Rule 803(25) was impermissible in a trial court's determination of the trustworthiness and admissibility of an unavailable victim's hearsay statement. In addition, the opinion stated Rule 803(25) was constitutionally flawed because it did not include the factors the Court in *Wright* considered relevant in determining such trustworthiness issue, *viz*., (1) spontaneity and consistent repetition of the child's statement, (2) mental state of the declarant, (3) use of terminology unexpected of a child of similar age and (4) lack of motive to fabricate.

In *George II*, the court attempted to retreat somewhat from its original position that all factors or criteria in Rule 803(25) were invalid and instead limited the Rule's invalidation only to one of the thirteen factors listed under it — 803(25)(A)1(*l*). In limiting its decision, the *George II* court concluded the other twelve factors in Rule 803(25) were not invalid and one of those, Rule 803(25)(m), allowed this court to utilize the factors named in *Wright* even though the trial court in *George* had not specifically mentioned or applied those factors.

In a concurring opinion in *George II*, I joined the majority, but I added my disagreement with the *Wright* rationale and decision. I had hoped that the *Wright* case would be promptly overturned, but it has not been. While I remain in strong disagreement with that decision, the decision is, nevertheless, binding, and I fear our opinions in *George* have done little to give

guidelines to our trial courts which must deal with the difficult issues involving Rule 803(25) in the aftermath of the *Wright* holding. Perhaps, we have come closer to clarifying the court's *George* decisions today.

In *George I*, we held all of the criteria in Rule 803(25) violated the Confrontation Clause. I now believe the *Wright* case required that holding, and the court's attempt to salvage most of the Rule in *George II* was in error. Accordingly, I join the majority here in reversing the present case because the trial court followed Rule 803(25) when allowing the child's hearsay statements into evidence.

Although the child's statements to her mother and the nurse may be found trustworthy and admissible as excited utterances and medical treatment hearsay exceptions, her statements to the police officer fail to fall within any firmly-rooted hearsay exception or factor set out in the *Wright* decision.

The dissenting opinion suggests harmless error exists in the present case because the evidence of appellant's guilt is overwhelming. While I certainly agree sufficient evidence exists to support appellant's conviction, I cannot say that the police officer's testimony, relating the child's only statement that appellant penetrated her, was not prejudicial.

I disagree with the five members of this court who adopt a new Rule 803(25) without submitting the rule to one of this court's committees or to the bar for comments. The court's action will no doubt continue to "muddy the waters" on this very important subject. I would have no objection to this court adopting an interim rule like Act 66 of 1992, which the General Assembly narrowly drafted to correct the child hearsay problems raised in *Idaho* v. *Wright*, and our *George* decisions. Instead, this court chooses to adopt a more expansive rule without any input. The members of the bench and bar must now decide whether Act 66 or the new Rule 803(25) is controlling.

By their action, this court's majority members apparently believe Act 66 is not constitutionally sound. That being true, jurists should have this thought in mind regarding cases already tried, and now being tried, since Act 66's passage. Act 66 took effect on March 20, 1992.

For my part, I would adopt a new Rule 803(25) like the one provided in Act 66. In doing so, I would use the same four criteria approved by the *Wright* court and set out in Act 66.

As I have stated before, I am of the view that the General Assembly should provide for the court's evidentiary rules. *Sypult v. State*, 304 Ark. 5, 14, 800 S.W.2d 402, 408 (1990) (Glaze, J., dissenting); *see also* M. Gitelman and J. Watkins, *No Requiem for Ricarte: Separation of Powers, the Rules of Evidence, and the Rules of Civil Procedure, (1990)*, 1991 Ark. L. Notes 27. However, in order to give the bench and bar guidance in this area of law, I would agree to promulgate a new Rule 803(25) comparable to the General Assembly's Act 66. This court could then later sort out whether Act 66 or the new Rule 803(25) is prevailing law by revisiting the issue, if it chooses, as to whether the court or the General Assembly has the power to enact rules of evidence.

As matters stand with this court's action today, we will live with the reign of confusion still longer.

HAYS, J., joins this concurrence.

ROBERT L. BROWN, Justice, dissenting. I dissent for two reasons.

First, the majority never states the facts of this case or precisely why the police sergeant's testimony was error. The majority simply concludes, without saying more, that prejudice resulted.

Secondly, the police sergeant's testimony was harmless error because a) it satisfied the tests for reliability under *Idaho* v. *Wright*; b) it was cumulative to previous testimony and evidence; and c) the evidence of guilt against the appellant was overwhelming.

The majority relies on a 1967 harmless-error case handed down by the U.S. Supreme Court, *Chapman* v. *California*, 386 U.S. 18 (1967), in reversing the appellant's conviction, but fails to consider more recent cases. For example, just this year, the U.S. Supreme Court denied certiorari in a case where the hearsay testimony of a child in a sexual abuse case was held to be error due to the manner in which it was taken, but the error was deemed to

be harmless. *See State v. Larson*, 472 N.W.2d 120 (Minn. 1991), *cert. denied*, Docket No. 91-487, Jan. 27, 1992.

The *Larson* case bears a striking resemblance to the case at hand. In *Larson*, the defendant was charged with sexual abuse of his four-year-old daughter who made statements to a physician's assistant, a child protection specialist, a clinical psychologist, a social worker, and a police officer. The Minnesota Supreme Court affirmed the admission of statements made to the physician's assistant under the medical-treatment hearsay exception. The court then went forward and held that the cumulative statements made to the clinical psychologist also fell within the medical-treatment exception and the statements to the child protection specialist were admissible under *Idaho v. Wright*. Regarding statements made to the social worker and the police officer, the *Larson* court could not say that they satisfied the *Idaho v. Wright* tests for reliability. This was because leading and repetitive questions were involved, and there was a "tag team" approach to the interview of the child. The court, however, held that admitting the statements of the social worker and police officer was harmless error beyond a reasonable doubt because the statements were largely cumulative to previous testimony.

In the case before us, the circuit court admitted the police sergeant's hearsay testimony but made no analysis of the reliability of the child's statements. This was error, because an analysis is required under Rule 803(25). At the same time, it is clear that when we apply the *Idaho v. Wright* factors, the testimony was trustworthy. The girl's statements to the sergeant were consistent with her previous statements to her mother and the nurse. The girl had no motive to fabricate a story against her uncle, whom she admitted she liked. And as a child of tender years, she had no familiarity with sexual matters. The testimony satisfies the *Idaho v. Wright* factors for trustworthiness, which in and of itself should render the failure of the court to make a Rule 803(25) finding harmless.

The same holds true of the circling of the vaginal area on the drawing of the young girl and the penis on the male drawing. Those acts by the girl were non-verbal conduct and constituted hearsay. Ark. R. Evid. 801(a)(2); *see also People v. Bowers*, 801 P.2d 511 (Colo. 1990) (the child's use of anatomically correct

dolls to illustrate her story was hearsay). The drawing by the victim was consistent with previous testimony and demonstrations that she had been hurt in her vaginal area by the appellant's hopping on her and, therefore, satisfied reasonable guarantees of trustworthiness under *Idaho* v. *Wright*.

The majority, however, is particularly emphatic about a perceived prejudice from the girl's circling of the penis on the male drawing. Previous testimony of penetration by the appellant, though circumstantial, was considerable before the introduction of the male drawing. There was testimony from the girl's mother and the nurse that the appellant was naked and on top of the girl and that he hopped on her and hurt her. There was testimony from Dr. McBryde that she had suffered vaginal abrasions, and there was clear physical evidence of bleeding from the doctor's examination and from her underpants and the underpants of the appellant.

In making a harmless-error analysis, corroborative evidence of the crime itself is appropriately considered. *See Idaho* v. *Wright*, 110 S.Ct. 3139 (1990). In *Wright*, the Court stated: "We think the presence of corroborating evidence more appropriately indicates that any error in admitting the statement might be harmless, rather than that any basis exists for presuming the declarant to be trustworthy." 110 S.Ct. at 3150—3151. Here, the circumstantial proof clearly evidenced penis penetration without the introduction of the male drawing which, at worst, was cumulative to other evidence. Hence, the introduction of the male drawing was harmless error, especially when coupled with the fact that the total evidence of guilt against the appellant was overwhelming.

One other point deserves emphasis. The U.S. Supreme Court has shown a reluctance in recent cases to make a harmless error determination under *Chapman* v. *California*, 386 U.S. 18 (1967), which is the case on which the majority premises its reversal. In 1988, for example, the Court held that a screen in the courtroom which hid the defendant from two teenage girls in a case involving lascivious acts violated the defendant's confrontation rights. The Court then left the question of harmless error to be decided on remand:

The State also briefly suggests that any Confrontation

Clause error was harmless beyond a reasonable doubt under the standard of *Chapman* v. *California*, 386 U.S. 18, 24 (1967). We have recognized that other types of violations of the Confrontation Clause are subject to that harmless error analysis, see *e.g., Delaware* v. *Van Arsdall*, 475 U.S., at 679, 684, and see no reason why denial of face-to-face confrontation should not be treated the same. An assessment of harmlessness cannot include consideration of whether the witness's testimony would have been unchanged, or the jury's assessment unaltered, had there been confrontation; such an inquiry would obviously involve pure speculation, and *harmlessness must therefore be determined on the basis of the remaining evidence.* The Iowa Supreme Court had no occasion to address the harmlessness issue, since it found no constitutional violation. In the circumstances of this case, rather than decide whether the error was harmless beyond a reasonable doubt, we leave the issue for the court below.

487 U.S. at 1021-1022 (emphasis added).

The sum and substance of the *Coy* precedent is that the Court refused to hold that a violation of the defendant's confrontation rights was prejudicial or constituted a "reasonable possibility" that the evidence might have contributed to the conviction but, instead, remanded the issue for a state court determination. The Court further stated that the issue of harmlessness must be decided, not on speculation, but on the basis of the remaining evidence.

The majority concludes that the police sergeant's testimony was error. Was this because the circuit court failed to make a Rule 803(25) determination or because Rule 803(25) is constitutionally infirm or because the sergeant engaged in improper questioning or for some other reason? The majority opinion leaves us in the dark. It then ends by holding that the testimony was prejudicial because there was a reasonable possibility that it contributed to *proof of an element of the crime.* This misstates the *Chapman* standard which alludes to evidence contributing to *the conviction.* No analysis of harmlessness follows.

I would affirm the conviction and hold that the police sergeant's testimony was harmless error because it was trustwor-

316

thy under *Idaho* v. *Wright*, even though the circuit court technically erred in failing to make a determination of reliability under Rule 803(25). I would further hold that the circuit court's lapse was not prejudicial because the child's statements to the police sergeant, including the drawings, were cumulative to other direct and circumstantial evidence introduced at trial.