Marcus RAY *v.* STATE of Arkansas

CR 99-1419                                    27 S.W.3d 384

Supreme Court of Arkansas
Opinion delivered September 28, 2000

*Witt Law Firm, P.C.,* by: *Ernie Witt,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Valerie L. Kelly,* Ass't Att'y Gen., for appellee.

RAY THORNTON, Justice. Appellant Marcus Ray appeals his conviction of first-degree murder for which he was sentenced to life imprisonment by a Yell County jury. Appellant argues that the trial court erred in refusing to grant a mistrial because of an apparent inconsistency of the guilt-phase verdict forms. He also argues that the trial court erred in allowing the State a rebuttal argument in the sentencing phase. We find no merit in appellant's argument, and we affirm the trial court's rulings.

Because appellant does not challenge the sufficiency of the evidence to support his conviction, we will briefly summarize the facts. Appellant and his four codefendants (Walter D. "Philip" Jones, Tommy Jermiane Wimbush, Foster Riley, and James Hutts) were at Riley's home on the afternoon of January 12, 1999. Appellants and his codefendants were in need of some quick cash, and Riley and Jones initiated a conversation about robbing Reuben Moore, who was known for carrying a large roll of cash on his person. The codefendants asked appellant if he had a gun because they would need a gun to carry out their plan. Appellant, Riley, Jones, and Hutt agreed to meet after dark.

Appellant and his three codefendants picked up Wimbush, who was needed to lure Moore out of his house. When they arrived at the landfill where Moore lived, Jones asked appellant for his gun, which was loaded with five or six rounds, and Jones, Riley, and Wimbush executed their plan while appellant waited in the car. Appellant heard them yell, "Reuben," and he heard one gunshot. The three returned to the car, and one of them said, "We didn't get the money." When appellant asked abut the gunshot, he was told, "We shot him." Appellant and his codefendants then left the scene.

Appellant and the four codefendants were arrested on January 13, 1999. The gun was recovered by police officers that evening as well. Appellant and the other codefendants were charged with capital murder by felony information filed January 14, 1999. At the State's request, the trial court severed the trials of the codefendants. Foster Riley entered into a plea bargain, and pleaded guilty to first-degree murder for which he received a forty-year sentence in return for testifying against the remaining codefendants.

After a two-day trial, appellant was found guilty of first-degree murder and was sentenced to life imprisonment. The trial court instructed the jury to complete one of the verdict forms provided. However, at the conclusion of the jury's deliberations in the guilt phase, the jury completed all three verdict forms, each signed by the jury foreman. The first form stated that appellant was "not guilty" of capital murder. The second form stated that appellant was "guilty" of first-degree murder. The final form stated that appellant was "not guilty" of second-degree murder. Defense counsel moved for a mistrial on the grounds that the jury verdicts were inconsistent. The trial court denied the motion and ruled that the jury's intent to find appellant guilty of first-degree murder was clear.

After the jury returned its guilty verdict, appellant moved to prohibit the State from having a rebuttal argument during the sentencing phase of the trial. Specifically, appellant moved that the State argue first, then the defendant, and then the matter be submitted to the jury. The trial court ruled that the State would be allowed to present rebuttal argument during the sentencing phase.

■ Appellant first argues that the trial court erred in refusing to grant a mistrial due to an apparent inconsistency of the guilt-phase verdict forms, contending that the verdict forms were inconsistent because the jury found him guilty of first-degree murder and not guilty of capital and second-degree murder, a lesser-included offense of first-degree murder. We have said that a mistrial is an extreme remedy that should only be used when the error is beyond repair and cannot be corrected by any curative relief. *Turner v. State*, 325 Ark. 237, 926 S.W.2d 843 (1996). A trial court's decision to grant or deny a mistrial will not be disturbed absent a showing of an abuse of discretion. *White v. State*, 330 Ark. 813, 958 S.W.2d 519 (1997).

■■ We have noted that "inconsistency" is generally understood to mean some logical impossibility or improbability implicit in the jury's findings as between jointly charged defendants. *Young v. State*, 296 Ark. 394, 757 S.W.2d 544 (1998). In the present case, the jury's verdict does not meet our definition of inconsistency. The intent of the jury to convict appellant of first-degree murder and not to convict of either capital murder or second-degree murder was made clear by the return of all three forms.

■■ Appellant further argues that the trial court erred in allowing the jury to disregard its instruction to complete only one verdict form. While the jury erred in returning all three forms instead of one form as instructed, there was no inconsistency between the three forms, and any error was harmless error. *Jones v. State*, 329 Ark. 62, 947 S.W.2d 339 (1997). The trial court read all three verdict forms because all three verdict forms were signed. The trial court properly reasoned that the intent of the jury was to convict appellant of first-degree murder. Accordingly, we hold that the trial court did not abuse its discretion by denying appellant's motion for mistrial.

As his second allegation of error, appellant argues that he was prejudiced in the sentencing phase because the trial court permitted the State a rebuttal following the appellant's closing argument. Appellant argues that in the sentencing phase, there is no burden of proof in either the State or the defense, and consequently, the State is unduly favored by having the last word in its rebuttal argument.

Appellant asks us to overrule *Caldwell v. State*, 322 Ark. 543, 910 S.W.2d 667 (1995). In *Caldwell*, we held that permitting the State to have rebuttal argument in the sentencing phase is within the trial court's broad discretion in the management of trial proceedings. *Id.* Act 353 of 1993, which established new bifurated sentencing procedures in criminal trials, contemplates that the State will introduce relevant evidence to the issue of sentencing, including prior convictions, delinquency adjudications, and aggravating circumstances, but it is also silent on the procedures for argument in the sentence phase at jury trials. *See* Ark. Code Ann. § 16-97-103 (Supp. 1999).

■ In the present case, appellant's motion to disallow the state a rebuttal argument was denied. The trial court followed the

format in criminal cases by allowing the State to present its closing argument, the defense to respond, and the State to rebut. *See* Ark. Code Ann. § 16-89-123(a) (1987). However, appellant did not make a specific objection at the time of the State's rebuttal. While there is much to commend the argument that the presentations during sentencing should be made by one presentation for each side without any rebuttal, there is also a strong presumption of validity of prior decisions. *See McGhee v. State*, 334 Ark. 543, 975 S.W.2d 834 (1998). Appellant has the burden of showing that our refusal to overrule *Caldwell* would result in injustice or great injury. *Id.*

■ ■ The decision whether to admit relevant evidence, opinion testimony or otherwise, rests in the sound discretion of the trial court, and our standard of review of such a decision is whether the trial court has abused its discretion. *Marts II v. State*, 332 Ark. 628, 968 S.W.2d 41 (1998). In *Calloway v. State,* 330 Ark. 143, 953 S.W.2d 571 (1997), we noted there was no abuse of discretion because defense counsel could have objected to any misstatements made by the prosecutor in his rebuttal argument. *Id.* Based on *Caldwell*, we hold that the trial court did not abuse its discretion by allowing the State to present a rebuttal argument during the sentencing phase.

The record has been reviewed in accordance with Ark. Sup. Ct. R. 4-3(h) which requires, in case in which there is a sentence of life imprisonment or death, that all prejudicial errors be reviewed in accordance with Ark. Code Ann. § 16-91-113(a). No such errors have been found.

Affirmed.