Cite as 2019 Ark. 336

# SUPREME COURT OF ARKANSAS

**No.** CR-19-15

| | | |
|---|---|---|
| SHANIQUA FINLEY | | **Opinion Delivered:** November 14, 2019 |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-17-58] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE J. LEON JOHNSON, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Shaniqua Finley challenges her capital-murder and aggravated-robbery convictions. The circuit court sentenced her to life imprisonment without the possibility of parole. She argues three points on appeal: (1) the State presented insufficient circumstantial evidence to support her convictions; (2) testimony about the businesses she called after the shooting should have been excluded as hearsay; and (3) the jury's verdicts were inconsistent and should have resulted in a mistrial. We affirm.

## I. *Background*

On August 26, 2016, Niranjana Modi and Dilipkumar Patel were working at the Best Shot Liquor store in North Little Rock. A woman entered the store and attempted to purchase a bottle of Evan Williams liquor without an identification. When Modi refused to the sell the woman the liquor, the woman shot Patel and Modi. The woman then grabbed

a bottle of Evan Williams 1783 from the shelf and fled the store. Patel later died as a result of complications from the gunshot. Modi survived.

Finley was arrested and charged with capital murder, two counts of aggravated robbery, and one count of first-degree battery, each with a firearm enhancement. The jury convicted her of capital murder and two counts of aggravated robbery, but it acquitted her of first-degree battery and the firearm enhancements. Finley waived jury sentencing, and the circuit court sentenced her to life imprisonment without parole for capital murder and ten years' imprisonment for each count of aggravated robbery, all to run concurrently.

## II. *Directed-Verdict Motion*

Finley first argues the circuit court erred in denying her motion for directed verdict on the capital-murder and aggravated-robbery charges. We treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *McClendon v. State*, 2019 Ark. 88, 570 S.W.3d 450. In reviewing this challenge, we view the evidence in a light most favorable to the State and consider only the evidence that supports the conviction. *Id*. We will affirm the verdict if substantial evidence supports it. *Id*. Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation or conjecture. *Id*. Where the theory of accomplice liability is implicated, we will affirm if substantial evidence exists that the defendant acted as an accomplice in the commission of the alleged offense. *Lawshea v. State*, 2019 Ark. 68, 567 S.W.3d 853.

Circumstantial evidence may constitute substantial evidence to support a conviction. *Jefferson v. State*, 372 Ark. 307, 276 S.W.3d 214 (2008). The longstanding rule in the use of

2

circumstantial evidence is that, to be substantial, the evidence must exclude every other reasonable hypothesis than that of the guilt of the accused. *Id.* Upon review, this court must determine whether the jury resorted to speculation and conjecture in reaching its verdict. *Id.*

The jury convicted Finley of capital felony murder and aggravated robbery. Finley committed capital felony murder if acting alone or with one or more other persons, she committed or attempted to commit aggravated robbery and "in the course of and furtherance of" aggravated robbery she or an accomplice caused the death of another person "under circumstances manifesting extreme indifference to the value of human life." Ark. Code Ann. § 5-10-101(a) (Repl. 2013). Aggravated robbery occurs if, with the purpose of committing a felony or misdemeanor theft, a person employs or threatens to employ physical force upon another person and is "armed with a deadly weapon" or inflicts death upon another person. Ark. Code Ann. § 5-12-103. In cases implicating a theory of accomplice liability, we affirm the sufficiency of the evidence if substantial evidence exists that the defendant acts as an accomplice in the commission of the alleged offense. *Cook v. State*, 350 Ark. 398, 86 S.W.3d 916 (2002).

Here, the State presented evidence that two people were involved in this crime. A witness, Dmmorryia Swift, testified that she saw one woman in a green, "beat up" vehicle with a mustard-colored top at the intersection behind the liquor store. It caught her attention because the woman driving the vehicle was stopped at an intersection that did not have a stop sign and appeared to be watching the liquor store. Swift continued watching from her driveway, and a few minutes later, she saw a second woman run from the store

3

and toward the vehicle carrying something. The vehicle then sped away, and shortly afterward, the police appeared on the scene. Swift described this vehicle to police, who located it at a nearby apartment complex. Police determined that the vehicle belonged to Finley's girlfriend, Tamika Nelson. Police then obtained a search warrant for the apartment in that complex where Finley and Nelson were living. There they found a handgun and a near-empty bottle of Evan Williams 1783. The handgun, which had previously been confiscated by police and returned to Finley several months before the shooting, forensically matched the bullets and shell casings found at Best Shot Liquor. Moreover, the bottle of Evan Williams 1783 that was found in the apartment was numerically related to the batch of bottles found at the liquor store.

Finley argues there was insufficient circumstantial evidence to support the State's theory that she was the shooter. But the State does not have to prove that Finley shot Patel or stole the liquor if she acted as an accomplice to the felony murder. *Lawshea*, 2019 Ark. 68, at 5, 567 S.W.3d at 856. "When two or more persons assist one another in the commission of a crime, each is criminally liable for the conduct of all." *Id*. (citing Ark. Code Ann. § 5-2-403(a)). Therefore, the jury was free to conclude that Finley was the shooter or the shooter's accomplice. Because the jury heard sufficient evidence to make either finding, we hold that the circuit court did not err in denying Finley's motion for directed verdict.

Finley also claims her convictions cannot stand because no witnesses at trial identified her as the perpetrator. This is incorrect. Although the State must prove that the person standing as the defendant is the one whom the indictment or information accuses and to whom the evidence relates, "[i]dentification of a defendant can be inferred from all the facts

4

and circumstances that are in evidence." *Womack v. State*, 301 Ark. 193, 198–99, 783 S.W.2d 33, 36 (1990) (citing *Becker v. State*, 298 Ark. 438, 768 S.W.2d 527 (1989)).

### III. *Hearsay*

Next, Finley argues that the circuit court abused its discretion by denying her motion to exclude Detective Jones's testimony about the businesses Finley called after the robbery because it was hearsay. We disagree. At trial, Detective Jones testified that he obtained Finley's phone records through her wireless communications provider, T-Mobile.[1] He identified the phone calls that were placed from her phone in the hours after the robbery and the businesses that corresponded with those numbers. Specifically, he testified that Finley's phone was used to call called Don's Weaponry, Walmart, Boll Weevil Pawn, Papa John's Pizza, and Academy Sports in the hours after the robbery and shooting.

Finley asserts that this testimony was inadmissible hearsay. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ark. R. Evid. 801(c). We leave evidentiary matters, like hearsay, to the sound discretion of the circuit court, and we will not reverse a circuit court's ruling on a hearsay question unless the appellant can show an abuse of discretion. *Thompson v. State*, 306 Ark. 193, 813 S.W.2d 249 (1991).

Detective Jones's testimony was not a statement by one other than the declarant; however, the issue is whether the information was a statement from someone other than him to prove the truth of the calls. Although the record reflects Detective Jones obtained

---

[1]Kenneth Lecense was qualified as T–Mobile's custodian of records and the process by which they were produced to police. On appeal, Finley does not argue that the admission of the phone records through Mr. Lecense was hearsay.

5

the call log, it does not indicate how he determined the phone numbers from Finley's call log related to those businesses.

ATTORNEY: . . . At North Little Rock 24-hour time, 1732, 934-2324 was called. What business belongs to that number?

DET. JONES: Don's Weaponry in North Little Rock.

ATTORNEY: At 1734, 24-hour time, 945-2700 was called. What business –

DET. JONES: That is Walmart on McCain in North Little Rock.

ATTORNEY: Okay. And I see several very common numbers that were dialed, 777-2199?

DET. JONES: That is correct.

ATTORNEY: And after we go past those numbers, at 24-hour time 1814, I see that 833-0927 was dialed several times in a row; is that correct?

DET. JONES: That is correct.

ATTORNEY: And what business is at that number?

DET. JONES: That is the Sherwood Walmart.

ATTORNEY: All right. And at North Little Rock 24-hour time 1826, I see that 565-1373 was called. What business is that?

DET. JONES: That is Bo[ll] Weevil Pawn, it's in Little Rock.

ATTORNEY: And then I see at North Little Rock 24-hour time 1859, 791-0505 was called. What business is that?

. . . .

DET. JONES: That is Papa John[']s, which is located on JFK in North Little Rock.

. . . .

ATTORNEY: Was phone number 210-6030 dialed?

6

DET. JONES:       That is correct.

ATTORNEY:         And what is the business at that number?

DET. JONES:       That is Academy Sports in Sherwood.

If Detective Jones's testimony was based on his personal knowledge or observations, it was not hearsay. *See Embry v. State*, 302 Ark. 608, 792 S.W.2d 318 (1990). At trial, Finley did not question Detective Jones's basis for this testimony. There was no attempt to voir dire him on the basis of this knowledge. She made a contemporaneous objection to maintain her pretrial "record objection" on which she had advanced multiple arguments, including hearsay. However, the circuit court was not required to exclude Detective Jones's testimony when Finley failed to challenge the source of his knowledge. *See Spivey v. Platon*, 29 Ark. 603 (1874). Therefore, we cannot say the circuit court abused its discretion in denying the hearsay objection, and we affirm the circuit court's ruling.

## IV. *Inconsistent Verdicts*

Finally, Finley asserts that the circuit court should have granted her posttrial motion for mistrial because the jury's verdicts were inconsistent.[2] The circuit court entered the sentencing order on September 19, 2018, but Finley did not argue the verdicts were inconsistent until a posttrial brief on October 3, 2018. First, we note that Finley did not make a motion for mistrial at the first opportunity. *Meadows v. State*, 360 Ark. 5, 199 S.W.3d 634 (2004). In *Meadows*, we held that the defendant's motion for mistrial based on

---

[2]We limit our review to the factual-inconsistency challenge raised below.

7

inconsistent verdicts was not preserved because he did not make it until after the jury had returned its verdict on sentencing. Here, the delay was more severe than in *Meadows*.

Despite this procedural bar, Finley's argument is without merit because the verdicts were not factually inconsistent. Finley was arrested and charged with capital murder, two counts of aggravated robbery, one count of first-degree battery, and firearm enhancements. The jury convicted her of capital murder and two counts of aggravated robbery, but it acquitted her of first-degree battery and the firearm enhancements. These results are not inconsistent. The capital-murder and aggravated-robbery convictions were submitted to the jury under the accomplice-liability theory. Therefore, the jury could have found her guilty of these if it determined she was either the shooter or the shooter's accomplice. In contrast, the first-degree-battery charge and firearm enhancements were not submitted with an accomplice-liability theory. Therefore, for those charges, the jury had to find beyond a reasonable doubt that Finley was the shooter. A jury verdict that Finley was only the accomplice and as such was guilty only for the crimes charged under the accomplice-liability theory is consistent. Therefore, the circuit court did not abuse its discretion in denying the motion for mistrial.

V. *Rule 4-3(i)*

In compliance with Arkansas Supreme Court Rule 4-3(i), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant. No adverse ruling involved prejudicial error.

Affirmed.

HART, J., dissents.

8

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent. The law directs that this case be reversed and remanded, based on Finley's hearsay argument.

At issue here is Detective Jones's testimony that "934-2324" (and other phone numbers) on the call-recipient list from Finley's cell phone belonged to Don's Weaponry in North Little Rock (and other area businesses, including a Papa John's pizza parlor). Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ark. R. Evid. 801(c). Plainly, Jones's testimony on this point was hearsay. Finley points out that any attempt to glean the phone numbers associated with a particular business would necessarily involve consulting a third party, whether that be another person or some sort of writing like a phonebook, a website, or phone records. However, the State did not offer any other such proof that the phone numbers were, in fact, associated with the businesses to which Jones testified; there is only Jones's testimony. Finley also cites the State's questioning of Jones on direct examination by the prosecuting attorney, which tends to confirm Finley's contention that Jones obtained this information via a third party. ("MS. PATTERSON: *Did you attempt –* or are you aware of several numbers that were called? DET. JONES: I am.") (R. 652) (Emphasis added.) Put simply, if the declarant himself does not testify,[3] and no exception to the hearsay rule is established,[4] then the statement is hearsay.

---

[3]The State presented no evidence for this proposition other than Jones's testimony.

[4]The only exception the State even generally alludes to is what some refer to as the next-step-in-the-investigation exception, *see Embry v. State*, 302 Ark. 608, 792 S.W.2d 318 (1990), but even that would require a factual basis as to how the investigator obtained the information in question and why that information served as a predicate for whatever the investigator did next.

9

The circuit court's decision to allow this testimony was erroneous, and we cannot say this error was harmless. Bear in mind that Finley was convicted of capital felony murder when she could have potentially been convicted of the lesser offense of first-degree felony murder, which has the exact same necessary elements in Arkansas. *See Sanders v. State*, 305 Ark. 112, 805 S.W.2d 953 (1991) ("[W]e have held in cases where the statutes overlap and both instructions are required, the jury may refuse consideration of both *the death penalty and life without parole* by returning a guilty verdict as to the charge of murder in the first degree.") (emphasis added). In closing argument, the prosecutor encouraged the jury to infer, based upon the businesses associated with the phone numbers, that Finley was looking to "dump" the weapon used in the robbery and even to show Finley's callousness that she would be thinking about food after having just committed the charged crimes. The prosecutor could not have advanced these propositions without Jones's testimony to link the phone numbers with the businesses, and much of the prosecution's case (including the identity of the shooter[5]) was based on circumstantial evidence. In this situation, the law

---

[5] *See Ray v. State*, 342 Ark. 180, 181–82, 27 S.W.3d 384, 384–85 (2000) (defendant convicted of first-degree murder, but acquitted of capital murder, in pre-planned armed-robbery ambush where defendant provided the murder weapon but was not the shooter); *O'Neal v. State*, 321 Ark. 626, 628–29, 907 S.W.2d 116, 117 (1995) (defendant found guilty of robbery, burglary, and first-degree murder, but acquitted of capital murder, for being accomplice to burglary/robbery, rape, and murder of 92-year-old woman); *Thompson v. State*, 2015 Ark. 271, at 1–2, 548 S.W.3d 129, 130 (defendant convicted of robbery and first-degree murder, but acquitted of capital murder, for attempt to rob victim outside a nightclub, where codefendant shot and killed a second victim who intervened in robbery attempt).

contemplates reversal and remand for a new trial. *See, e.g., Vann v. State*, 309 Ark. 303, 831

S.W.2d 126 (1992).[6]

Essentially, the majority sidesteps the hearsay issue by suggesting that Jones's

testimony *might* not be hearsay, *if* Jones knew which phone numbers belonged to which

businesses from within his *own personal knowledge*. Its otherwise speculative nature aside, this

holding both ignores the record and contradicts our jurisprudence. At the pretrial hearing,

the State acknowledged that investigators acquired this hearsay information by calling the

numbers obtained from Finley's phone and listening to whomever answered—not from the

investigators' own personal knowledge. Finley moved in limine to exclude evidence of the

calls on this specific basis, in tandem with his hearsay argument. ("[I]t's my argument that

the contents of that phone call remain hearsay, that it is a violation following (Arkansas

Rules of Evidence) 901 [and] *602* with respect to *personal knowledge as to facts in existence*[.]")

(R. 154) (Emphasis added.) The circuit court denied Finley's motion. When a motion in

limine "is denied, the issue *is preserved for appeal* and no further objection at trial is needed."

*Hale v. State*, 343 Ark. 62, 80, 31 S.W.3d 850, 861 (2000) (emphasis added).

Sometimes our justice system contemplates a disruptive outcome (here, the reversal

of a criminal conviction and remand for a new trial), even on what may seem to the layman

as a technical basis. The perceived disfavor for such disruption is an influence that the courts

must resist. Our perspective and assessment of these matters must remain broad, mindful of

---

[6]"The police officer's hearsay testimony was the only direct evidence of penetration. All other evidence concerning penetration was circumstantial. Without doubt, there is a reasonable possibility that the officer's direct testimony about penetration might have contributed to the proof of that element of the crime. As a result, this case does not come within the harmless-error rule." 309 Ark. at 209, 831 S.W.2d at 130.

both past and future applications of the law. Our constitution, our laws, our rules—this system must be maintained in such a manner that it works well for everyone, and our duty to do so is more important than any particular outcome in any given case. When the referees don't call the fouls, the game gets rougher.

I dissent.

*James Law Firm*, by: *Bobby R. Digby II*, and *Michael Kiel Kaiser*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.