Cite as 2025 Ark. 147

# SUPREME COURT OF ARKANSAS
**No.** CR–25–79

| | | |
|---|---|---|
| CORNELL BROWN | | **Opinion Delivered:** October 9, 2025 |
| | APPELLANT | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-22-36] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE WREN AUTREY, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Cornell Brown appeals the sufficiency of the evidence for his capital–murder conviction. He argues that his alibi overcame the State's evidence placing him at the crime scene. Thus, he contends there was insufficient evidence for the jury to determine that he was the individual who committed the murder. Because we find there was substantial evidence for the jury to identify and convict him of capital murder, we affirm.

## I. *Background*

The State presented the following evidence. On September 19, 2021, Cornell Brown asked his wife to help him get time off from work. Then he left in their vehicle and drove from Memphis to Texarkana. Importantly, their vehicle was a silver Nissan that had a black panel over the front fender. The next day, September 20, Keith McFadden was shot and killed in Texarkana as he left a poker game. McFadden had a bag of marijuana, several thousands of dollars in cash, a Rolex watch, a necklace, and two cell phones with him.

Security footage captured critical events. It depicted a black man wearing a dark shirt, light-colored shorts, and white tennis shoes chasing McFadden right before he was shot. Witnesses who ran to help identified a light gray car fleeing the scene. McFadden's money and Rolex watch were missing. Another security camera recorded a silver car with a unique black panel entering a Walmart parking lot that night. Shortly after, a female placed a white bag into the trash bin.

Law enforcement obtained McFadden's wallet which was found in the Walmart trash bin. They also retrieved the white bag. Among the items inside were (1) a pair of light-colored shorts with the victim's blood (that matched those worn by the individual chasing the victim); (2) a pair of black gloves with both the victim's and Brown's DNA; (3) white bloodstained tennis shoes (in Brown's size that again matched those on the video); and (4) an empty drink bottle with Brown's wife's DNA. The gym shorts had a laundry tag that was traced to Courtney Hope. Hope was a member of Loyalty Cash Business, a gang upset with McFadden's gambling winnings.

The night of the shooting, a member of Loyalty Cash Business gave Carl Oliver a bag of money and a flip phone and told him to wait for a call. Oliver testified that he received a call and met Brown at a gas station in Arkansas. He exchanged the money for a bag containing a Rolex watch and a bracelet. Oliver stated that the watch, which he later sold, had blood on it. The next day, Brown returned to Memphis and gave his wife about two thousand dollars. He also posted a photograph of himself on Facebook holding two stacks of money up to his face.

Subsequently, Brown was arrested. After his arrest, a Cash App account associated with Loyalty Cash Business transferred $2,500 to Brown's wife. She attempted to arrange a false alibi for Brown. She also testified that her Glock 19 was missing. On a phone call, Brown told her to "check on Angel." Angel was their deceased dog that had been buried in their backyard and was also his wife's name for her Glock. The weapon and ammunition were discovered buried in the backyard. Firearm and tool mark analysis showed that seven spent ammunition-cartridge cases recovered from the scene of the shooting were from Brown's wife's Glock.

Brown and his mother both testified that he was in Memphis on the day of the shooting as alibi testimony. He moved for a directed verdict, arguing that the State had not presented sufficient evidence identifying him as the killer. The circuit court denied the motion, the jury convicted him of capital murder, and the court sentenced him to life imprisonment without parole.[1] Brown appeals.

## II. *Sufficiency of the Evidence*

Brown argues that, with the alibi testimony, the evidence to identify him as the shooter was insufficient to support the jury's verdict of capital murder. Thus, the circuit court should have granted his motion for a directed verdict.

On appeal, we treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. *McClendon v. State*, 2019 Ark. 88, at 3, 570 S.W.3d 450, 452–53. We look

---

[1]We note that the jury also convicted Brown of employing a firearm as a means of committing capital murder under Arkansas Code Annotated section 16-90-120 (Supp. 2023). Yet the circuit court released the jury before having it sentence Brown for the firearm enhancement. The State then moved to withdraw and set aside the firearm enhancement, which the circuit court granted.

at the evidence in the light most favorable to the State and consider only evidence that supports the verdict. *Finley v. State*, 2019 Ark. 336, at 2, 587 S.W.3d 223, 226. We will affirm a verdict that is supported by substantial evidence, which is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Id.*

Brown contends that the jury could not find him guilty if the State did not present "testimony or evidence . . . that conclusively identified" him as the perpetrator. We disagree because that is not the standard. On appeal, we do not require that the evidence conclusively identify a defendant as the perpetrator. Rather, as stated above, we will affirm if substantial evidence supports the jury's conclusion. Here, there was substantial evidence for the jury to conclude that Brown was the perpetrator without it resorting to speculation. What follows is that substantial evidence.

Brown's DNA was found, along with the victim's, on bloodstained gloves linked to the murder. The DNA expert's report stated that the DNA profile on the glove sample matched Brown's profile within a scientific certainty. The murder weapon was found buried in Brown's backyard. Further, Brown drove a car matching the unique description of the vehicle at the crime scene and the one seen at Walmart. And Carl Oliver identified Brown as the man who sold him the bloodstained Rolex watch. This was substantial evidence, and the jury did not need to speculate to conclude that Cornell Brown committed the murder.

As we have explained, it is for the jury to weigh the evidence and resolve credibility disputes and reach reasonable conclusions. *Bush v. State*, 2024 Ark. 77, at 7, 687 S.W.3d 570, 574. Although Brown raises his alibi testimony to support his claim, when a sufficiency

4

of the evidence challenge is raised on appeal, we will consider only the evidence that supports the jury verdict. *McClendon*, 2019 Ark. 88, at 5, 570 S.W.3d at 453. Because the circuit court did not err in denying Brown's motion for a directed verdict, we affirm.

### III. *Rule 4-3(a) Review*

In compliance with Arkansas Supreme Court Rule 4–3(a), we have examined the record for all objections, motions, and requests made by either party that the circuit court decided adversely to the appellant. No prejudicial error has been found.

Affirmed.

*Rolfe Law Firm, P.A.*, by: *Lott Rolfe IV*, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.