2009 Ark. App. 598

**Gary J. MASON, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 09–298.**

Court of Appeals of Arkansas.

Sept. 16, 2009.

Andy Riner, Mena, for appellant.

Dustin McDaniel, Att'y Gen., by: Nicana C. Sherman, Ass't Att'y Gen., for appellee.

WAYMOND M. BROWN, Judge.

A Scott County jury found Gary Mason guilty of rape, sexual indecency with a child, and possessing matter depicting sexually explicit conduct involving a child. He was ultimately sentenced to thirty-one years in the Arkansas Department of Correction. Mason presents four points on appeal. First, he contends that the trial court should have suppressed photographs found at his residence, asserting that they were the product of an illegal search. Second, he argues that the trial court should have severed the rape charge from the other two charges. Third, he contends that the trial court abused its discretion in admitting seven photographs of nude children other than that of the prosecutrix. Finally, he asserts that he was entitled to an instruction on sexual assault in the second degree. We affirm in all respects.

*Factual and Procedural History*

On August 1, 2008, Lieutenant Keith Vanravensway of the Scott County Sheriff's Department was called to investigate allegations that Mason has molested a number of neighborhood children. He took statements from five children. With this information, Vanravensway drafted an affidavit for a search warrant. In the affidavit, he alleged that "there is now being concealed certain property, namely, numerous pornographic photographs of at least 5 children under the age of 12 yrs. and pornographic images of children being kept or stored on a computer" at Mason's residence. In support of this allegation, he stated that he had responded to a report of sexual abuse "[w]ithin the past 8 hours," and he outlined the statements he received from the children:

> During interviews, victim ... T.E., who is age 12 yrs. stated that Mr. Mason has performed sexual acts on her and other children, and stated that Mr. Mason has taken numerous nude photographs of her. T.E. also stated that Mr. Mason kept a stack of photographs approximately 2 inches high in three possible places in his residence, and that he has shown her the pictures in the past. T.E. stated that the photographs are usually held in a location in Gary Mason's closet, in a computer desk, or possibly in a safe at the residence. T.E. stated that Gary Mason has numerous pornographic magazines in his residence and allows all small children at his residence to view the magazines when they want to.
>
> Victim D.S., who is a 9 yr. old female stated that Gary Mason has performed sexual acts on her, and that on one occasion, while spending the night at his residence, she awoke to find that Gary Mason was photographing her with her clothes off. D.S. stated that Gary Mason keeps several photographs of minor

children in his residence, and that the photographs are being kept in Mr. Mason's closet, a computer desk in the residence, or in a small safe on the desk.

> Victim B.S., who is a 8 yr. old female stated that Gary Mason had performed sexual acts on her, but did not know about photographs at the residence.
>
> Victim P.S., who is 7 yr. old female stated that Gary Mason has performed sexual acts on her, and that he has taken approximately 10 to 20 pictures of her without her clothing. P.S. stated that Gary Mason has shown her several photographs of other identified victims. P.S. stated that Gary Mason has the photographs hidden in his closet, in a computer desk, in a safe on the desk, and, also, has photographs stored on his computer (hard-drive) in his residence.
>
> Victim T.D., who is a 9 yr. old male stated that Gary Mason has performed sexual acts on him, and that Gary Mason has instructed him on performing sexual acts on other victims, while Gary Mason photographed them. Victim T.D. named off several other victims that have not yet been interviewed. T.D. stated that he has seen several pictures of other victims and stated that the pictures are usually kept in Ms. Mason's closet, computer desk or safe.

The search warrant was issued, and Vanravensway found photographs of nude children in Mason's bedroom. By information filed April 4, 2008, Mason was charged with rape, sexual indecency with a child, and possessing matter depicting sexually explicit conduct involving a child. Prior to trial, Mason filed motions to sever the rape charge from the other charges and to suppress the evidence found in his bedroom. Both motions were denied.

The case proceeded to trial on January 29, 2009. The State called four children who gave statements to Vanravensway.

The children often went to Mason's home to play and spend the night. T.E. told the court that Mason would have them play strip poker and cheerlead naked. She also indicated that he put his finger and his tongue inside her "private area" on at least ten occasions. At trial, she identified five pictures of herself. The State also presented the testimony of three other victims. T.D. said that Mason touched him in his private area, took photographs of the children without their clothes, and asked him to touch a naked girl. P.S. testified that four of the pictures were of herself and T.D. and stated that Mason touched her. Finally, D.S. testified that she watched pornographic videos at Mason's home. She also stated that Mason touched her, and she identified two photographs as images of herself. Also admitted into evidence was a letter from Mason to a Monica Dickens, wherein he admitted making "mistakes" and asked her to convince the children to change their story.

Prior to the closing arguments, Mason asked the court to instruct the jury on sexual assault in the second degree, contending that the crime was a lesser-included offense of rape. The court refused to give the instruction. The trial proceeded, and the jury found Mason guilty of the aforementioned charges. The jury sentenced Mason to twenty-five years' imprisonment for the rape, six years' for sexual indecency with a child, and ten years' for possessing matter depicting sexually explicit conduct involving a child. The court ordered the twenty-five-year and six-year terms of imprisonment to be served consecutively, but concurrently with the ten-year term, resulting in a thirty-one-year sentence.

### Motion to Suppress

First, Mason challenges the denial of his motion to suppress. He argues the affidavit in support of the warrant lacked an adequate reference to the time during which criminal activity was observed at his residence. He contends that, based solely on the four corners of the affidavit, the reviewing magistrate could not draw an inference as to when the criminal activity occurred or whether the photographs could still be in the residence.

In reviewing the denial of a motion to suppress, this court makes an independent determination based on the totality of the circumstances, reviews findings of historical facts for clear error, and determines whether those facts give rise to reasonable suspicion or probable cause that a crime has been committed, while giving due weight to inferences drawn by the trial court. *Davis v. State*, 351 Ark. 406, 94 S.W.3d 892 (2003). We do not reverse the trial court's decision on a motion to suppress unless that decision was clearly erroneous. *Lawson v. State*, 89 Ark.App. 77, 200 S.W.3d 459 (2004).

A time reference must be included in an affidavit supporting the issuance of a search warrant. *Herrington v. State*, 287 Ark. 228, 697 S.W.2d 899 (1985). The review of the probable cause for the issuance of the warrant is confined to the information contained in the affidavit, as that was the only information before the municipal judge when he issued the warrant. *Id.* In *George v. State*, 358 Ark. 269, 189 S.W.3d 28 (2004), the affidavit contained a time reference similar to the one in this case. There, the officer reported that on March 22, 2001, a fourteen-year-old witness observed nude photographs of other girls she knew to be aged fourteen and fifteen. After interviewing the witness and her friend, the officer prepared the affidavit, reciting the date March 22, 2001. The supreme court held that the affidavit was valid.

■ This case is akin to *George*. The affidavit indicates that the interviews happened within eight hours of the affidavit being prepared, and the victims told Vanravensway that the photographs were currently being stored in either Mason's closet, computer desk, or safe. Because the children indicated where Mason usually kept the pictures and used present-tense verbs, the affidavit indicates that the criminal activity was occurring at the time the affidavit was signed. The time reference in this case was sufficient to establish probable cause. Therefore, the trial court did not err in denying the motion to suppress, and we affirm on this point.

### Motion to Sever

Second, Mason argues that the trial court erred in denying his motion to sever the rape charge from the other two charges. He contends that, given the inflammatory nature of the photographs entered into evidence as proof of the other charges, the jury could not fairly determine his guilt or innocence on the rape charge.

■ Under Arkansas Rule of Criminal Procedure 22.2(b)(i), a trial court should grant a severance of offenses before trial if it is deemed *appropriate* to promote a fair determination of the defendant's guilt or innocence of each offense. Further, under Rule 22.2(b)(ii), severance should be granted during trial if deemed *necessary* to promote a fair determination of the defendant's guilt or innocence of each offense. The decision on whether to grant severance is within the discretion of the trial court. *Dillard v. State*, 333 Ark. 418, 971 S.W.2d 764 (1998); *Heritage v. State*, 326 Ark. 839, 936 S.W.2d 499 (1996).

Mason relies on *Sutton v. State*, 311 Ark. 435, 844 S.W.2d 350 (1993), in support of his argument for reversal. There, the defendant was charged with felon in possession of a firearm and first-degree murder. He asked the trial court to sever the charges, but the court refused. The supreme court held that the refusal to sever the charges was reversible error, given the State's weak evidence on the murder charge, the fact that the criminal record had no relevance on the murder charge, and the undue prejudice created by the previous record.

*Sutton* is distinguishable from this case for multiple reasons. First, the charges in that case (murder and felon in possession of a firearm) are very different from the charges here, which involve the sexual abuse and exploitation of children. Second, contrary to Mason's assertion, the State had a strong case. The victim, along with several others, testified to Mason's actions. The record contains nothing suggesting that T.E. was not raped or that she was raped by someone else. And Mason wrote a letter confessing to making "mistakes" and encouraging the children to change their story.

■ Finally, evidence of the other charges was admissible to prove Mason's scheme. The evidence shows that Mason would invite the children to his residence and that he would take pictures and touch the children while they were there. *Cf. Parish v. State*, 357 Ark. 260, 163 S.W.3d 843 (2004) (holding that the trial court did not abuse its discretion in refusing to sever two rape charges involving two victims who were raped, one by digital penetration and one by forcible compulsion, when evidence of one rape would have been admissible in the trial of the other rape). Because evidence of the other crimes was admissible, the jury could have heard the evidence even if the charges were severed, thereby negating any benefit that could have been obtained from severing the charges.

The trial court did not abuse its discretion in refusing to sever the rape charge from the other charges. Accordingly, we affirm on this point.

*Admissibility of Other Photographs*

Third, Mason argues that the trial court abused its discretion by allowing the jury to see photographs of victims other than T.E. He presents two arguments on this point: (1) that the photographs were not admissible under the "pedophile exception" and (2) that the probative value of the photographs was substantially outweighed by the danger of unfair prejudice.

■■■ As with any piece of evidence, the admissibility of the photographs is reviewed under the abuse-of-discretion standard. *See Smart v. State*, 352 Ark. 522, 104 S.W.3d 386 (2003). When photographs are helpful to explain testimony, they are ordinarily admissible. *Id.* Further, the mere fact that a photograph is inflammatory or is cumulative is not, standing alone, sufficient reason to exclude it. *Id.* Even the most gruesome photographs may be admissible if they assist the trier of fact by shedding light on some issue, proving a necessary element of the case, enabling a witness to testify more effectively, corroborating testimony, or enabling jurors to better understand the testimony. *Id.*

■■■ |₉We address the "pedophile exception" first. The "pedophile exception" to Arkansas Rule of Evidence 404(b) allows for the admissibility of evidence of the defendant's similar acts with the same or other children when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship. *Allen v. State*, 374 Ark. 309, 287 S.W.3d 579 (2008). Mason concedes that the testimony of the other victims was admissible under the exception, but he argues that the admission of the photographs went

beyond the purposes of the exception. Mason fails to provide any authority to support this argument, and we are unaware of any authority limiting the pedophile exception to trial testimony. Further, the State is entitled to prove its case as conclusively as it can, subject to Arkansas Rule of Evidence 403. *See Saul v. State*, 365 Ark. 77, 225 S.W.3d 373 (2006).

■■■ We now consider Mason's assertion that the trial court failed to consider whether there was a danger of unfair prejudice created by the admission of the other photographs. Under Arkansas Rule of Evidence 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. The supreme court had to determine whether that was the case in *Williams v. State*, 374 Ark. 282, 287 S.W.3d 559 (2008), where the issue was the admissibility of a DVD consisting of clips of the defendant engaging in sexual acts with five children. Like the victims in this case, the victims there were available to testify about the acts. The supreme court held that the trial court acted |₁₀within its discretion in admitting the videos. Granted, the defendant in *Williams* was charged with multiple counts of rape and child pornography, while Mason was charged with only one of each, but this does not change our analysis. The individual pictures dispelled any notion that Mason photographed innocent activity. Moreover, we recognize that a photograph is not inadmissible merely because it is cumulative and that a defendant cannot thwart the State's efforts to put on its proof simply by conceding the facts portrayed in the picture. *See Williams, supra; Berry v. State*, 290 Ark. 223, 718 S.W.2d 447 (1986).

The court did not abuse its discretion in admitting all twelve photographs into evidence. We affirm on this point.

*Instruction on Second–Degree
Sexual Assault*

 Finally, Mason contends that he was entitled to an instruction on sexual assault in the second degree. He relies on T.E.'s testimony that he touched her private area and chest both through and under the clothes, and he argues that this meets the definition of sexual contact, an element of sexual assault in the second degree. It is reversible error to refuse to give an instruction on a lesser-included offense when the instruction is supported by even the slightest evidence. *Britt v. State,* 344 Ark. 13, 38 S.W.3d 363 (2001). However, our supreme court recently held that sexual assault in the second degree is not a lesser-included offense of rape by engaging in sexual intercourse or deviate sexual activity with a person less than fourteen years of age. *See Joyner v. State,* 2009 Ark. 168, 303 S.W.3d 54. Because sexual assault in the second degree is not a lesser-included offense of rape, Mason was not entitled to the instruction.

Affirmed.

PITTMAN and KINARD, JJ., agree.