Hart, J., concurs in part; dissents in part.
Josephine Linker Hart, Justice, concurring in part and dissenting in part.
I agree with the majority's conclusion that the evidence was sufficient to sustain McClendon's convictions. However, McClendon's right to a fair trial, guaranteed by the Sixth Amendment to the U.S. Constitution, requires reversal of the trial court's denial of McClendon's motion for a mistrial.
The decision to grant or deny a motion for mistrial is within the sound discretion of the trial court and will not be overturned absent a showing of abuse or manifest prejudice to the appellant. E.g. , Johnson v. State , 366 Ark. 8, 13, 233 S.W.3d 123, 127 (2006). A mistrial is a drastic remedy and should be declared only when there is error so prejudicial that justice cannot be served by continuing the trial, and when it cannot be cured by an instruction to the jury. E.g. , Tryon v. State , 371 Ark. 25, 42, 263 S.W.3d 475, 488 (2007) Maiden v. State , 2014 Ark. 294, 438 S.W.3d 263. In determining whether a circuit court abused its discretion by denying a mistrial motion, this court looks to several factors, including "whether the prosecutor deliberately induced a prejudicial response and whether an admonition to the jury could have cured any resulting prejudice." Armstrong v. State , 366 Ark. 105, 233 S.W.3d 627 (2006).
Here, McClendon's trial counsel did literally everything she could conceivably do to keep out the undisputedly inadmissible evidence of McClendon's criminal history. She filed the motion. She got the order. She even got the circuit judge to specifically *456 tell the prosecutor to instruct her witnesses that there would be no discussion of McClendon's criminal history at the trial. But the prosecutor did not abide by the circuit court's instruction. The State did not instruct its witnesses, and predictably, one of those witnesses, Frances Horn, then injected into the trial the very testimony that the circuit court's order was supposed to guard against:
HORN : In July of 2016, I was familiar with the type of vehicle that Mr. McClendon was driving. It was a grey Dodge pickup truck.
PROSECUTOR : And how do you recall that he was driving that kind of vehicle at that time?
HORN : Well, I worked at Dixie Mart. His dad came in. He used to drive it before he got it. When he got out of prison this last time, that's what his dad gave him to drive.
DEFENSE COUNSEL : Your Honor, objection.
McClendon's attorney moved for a mistrial, and the circuit court denied the motion. The majority here affirms that denial under the guise that the prosecution's infraction was "inadvertent," that McClendon only suffered minimal prejudice from the infraction, and that the circuit court's curing instruction to the jury took care of any resulting prejudice. I see this case, and its place in our jurisprudence on the subject of mistrials, in a very different light.
First, any suggestion that an infraction of this sort was "inadvertent," or that it would not or should not have been easily prevented, must be considered closely and carefully. The majority states,
Horn's testimony served a single purpose-to establish that McClendon's vehicle was outside Martin's house around the time of the murder. But before Horn could testify to seeing McClendon's vehicle, the State had to establish her familiarity with it. This is where the infraction occurred[.]
Not to split hairs with the majority, but its own characterization of Horn's role in the prosecution's case shows that her testimony actually served to support at least two separate factual propositions: (1) that David McClendon had a grey Dodge pickup truck, or at least that he was likely to be driving a grey Dodge pickup truck, and (2) on the date of the shooting, Horn saw that same grey Dodge pickup truck at the victim's residence. Any testimony as to either of these propositions would be subject to Ark. R. Evid. 602, which obligates the proponent to establish that a lay witness has "personal knowledge" of whatever matter that witness testifies about. In other words, the prosecution would have known that, in order for Horn to testify that the truck belonged to McClendon, she would likely have to explain what led her to that conclusion. Since Horn's testimony indicates that McClendon "(getting) out of prison this last time" was the very impetus for the vehicle shifting from McClendon's father's hands to his own, the prosecution's failure to instruct this particular witness about the circuit court's order is troubling.
Regardless of whether this infraction was deliberate, I cannot sign on to an opinion that leaves the infraction unremedied. In short, "sorry, I forgot to tell the witness about the order" is simply untenable. The prosecutor acknowledged that she failed to instruct the witness, in contravention of the circuit court's clear directive, and this failure must be held against the prosecution, lest the threat of a mistrial become so neutered as to provide no deterrent against such plain (even if entirely inadvertent) impropriety in the future.
Litigants must be able to rely on an order in limine. McClendon's counsel did everything she could here, and the prosecution's infraction obviously prejudiced *457 McClendon. Horn's testimony not only made it seem that McClendon had engaged in past criminal activity, not only made it seem that he had been to "prison" for that criminal activity, but also made it seem that he had been to prison multiple times. This is classic propensity evidence, and the rules simply do not allow for it.[1] Moreover, the circuit court's twelve-time-repeated curing instruction to each individual member of the jury only drew further attention to this improper evidence and further exacerbated whatever prejudice McClendon suffered by the infraction itself. The circuit court should have just declared a mistrial and set another trial date.
Concurring in part; dissenting in part.

Obviously, this could have been different if McClendon had elected to testify and the prosecution then used some aspect(s) of his criminal history for impeachment purposes. McClendon did not testify.