Cite as 2023 Ark. 68

# SUPREME COURT OF ARKANSAS

**No.** CR–22–706

| | |
|---|---|
| JAMES MCCAULEY<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** April 27, 2023<br><br>APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-19-394]<br><br>HONORABLE STEPHEN L. SHIRRON, JUDGE<br><br>AFFIRMED. |

**JOHN DAN KEMP, Chief Justice**

Appellant James McCauley appeals a Hot Spring County Circuit Court order convicting him of the rape of his son, a minor child ("MC"), and sentencing him as a habitual offender to life imprisonment. For reversal, McCauley argues that substantial evidence does not support his rape conviction and that the circuit court abused its discretion by denying his motion for continuance. We affirm.

## I. *Facts*

MC, who was eleven and in the fourth grade at the time of trial, testified that McCauley and a woman, whom MC knew as "Binky," raped him when he was in the second grade. MC recalled that one day after school, he walked from his grandmother's house to his Uncle Zach's house. McCauley, who lived at Zach's house, grabbed MC's arm and pulled him into his bedroom. McCauley locked the door and barricaded it with a dresser but opened the door when Binky arrived. McCauley then again locked the door and put

the dresser in front of it. MC tried unsuccessfully to get out of the room. According to MC, McCauley put him on the bed while McCauley and Binky poked their arms with needles. McCauley then held down MC's arms, and they removed MC's clothes. McCauley got on top of MC and "put his thing in [him]." When McCauley stopped, he threatened to hurt MC if he told anyone. McCauley then put Binky on top of MC and "made [him] put [his] thing in her." She got off of him after he "yell[ed] and push[ed] and kick[ed.]" MC testified that these events happened three more times that same day—twice at Zach's house and once at Binky's house. When asked on cross-examination how many times that day that McCauley "put his thing in [MC's] butt[,]" MC responded that it happened four times.

The prosecutor presented MC with several diagrams. MC was asked to circle the body part to which he referred when he said McCauley's "thing," and he circled the penis. Another diagram represented MC. He was asked to circle the body part where McCauley put his "thing," and he circled the buttocks. A third diagram was labeled "Binky." When asked what he meant when he said, "in her," MC circled the vagina. The three diagrams were introduced into evidence as State's exhibits 1–3.

Stephanie Hrabal, executive director of the Percy and Donna Malone Child Safety Center in Arkadelphia, testified that in 2019, she was the Center's primary forensic interviewer. On September 16, 2019, she interviewed MC, who was eight years old at the time, and he disclosed what she considered to be sexual abuse.

The jury convicted McCauley of rape, and he was sentenced as a habitual offender to life imprisonment. He filed a timely notice of appeal, and this appeal followed.

2

II. *Points on Appeal*

A. Sufficiency of the Evidence

McCauley argues that the circuit court erred in denying his directed-verdict motion on the rape charge. He contends that MC's testimony was insufficient to support McCauley's conviction because MC testified that he did not think the trial should have happened, could not remember when the rape happened, and could not remember details without being prompted. McCauley contends that MC's testimony should have been discounted.

We treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *McClendon v. State*, 2019 Ark. 88, at 3, 570 S.W.3d 450, 452. In reviewing this challenge, we view the evidence in a light most favorable to the State and consider only the evidence that supports the conviction. *Id.*, 570 S.W.3d at 452. We will affirm the verdict if substantial evidence supports it. *Id.*, 570 S.W.3d at 452. Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation or conjecture. *Id.*, 570 S.W.3d at 452. It is the function of the jury, and not the reviewing court, to evaluate the credibility of witnesses and to resolve any inconsistencies in the evidence. *Breeden v. State*, 2013 Ark. 145, at 5, 427 S.W.3d 5, 8–9.

To convict McCauley of rape, the State had to prove he engaged in sexual intercourse or deviate sexual activity with MC and that MC was less than fourteen years old at the time of the rape. Ark. Code Ann. § 5-14-103(a)(3)(A) (Supp. 2017). "Deviate sexual activity" includes "any act of sexual gratification involving [t]he penetration, however slight,

3

of the anus or mouth of a person by the penis of another person[.]" Ark. Code Ann. § 5-14-101(1)(A) (Supp. 2017). A rape victim's uncorroborated testimony describing penetration may constitute substantial evidence to sustain a conviction of rape, even when the victim is a child. *E.g.*, *Hartley v. State*, 2022 Ark. 197, at 5, 654 S.W.3d 802, 806. The rape victim's testimony need not be corroborated, and scientific evidence is not required. *Id.*, 654 S.W.3d at 806.

Under these standards, MC's testimony constituted substantial evidence to support McCauley's rape conviction. MC testified that one afternoon when he was in second grade, he went to the house where McCauley lived. He stated that McCauley got on top of him and "put his thing in [him]." MC indicated on a diagram that McCauley's "thing" was his penis. On another diagram, MC was asked to show where McCauley put his "thing," and MC circled the buttocks. MC testified that this same thing happened four times that day.

Here, MC's testimony alone is sufficient to show that McCauley engaged in deviate sexual activity with MC and that MC was under the age of fourteen. *See, e.g.*, *Hartley*, 2022 Ark. 197, at 5, 654 S.W.3d at 806. McCauley's argument on appeal amounts to a challenge to MC's credibility. However, it is the function of the jury, and not this court on appeal, to evaluate the credibility of witnesses and to resolve any inconsistencies in the evidence. *See Breeden*, 2013 Ark. 145, at 5, 427 S.W.3d at 8–9. Thus, we hold that McCauley's rape conviction is supported by substantial evidence and, accordingly, we affirm on this point.

## B. Denial of Motion for Continuance

Next, McCauley argues that the circuit court abused its discretion by denying his morning-of-trial continuance motion. He asserts that he issued subpoenas for six defense

witnesses and, on April 1, took them to the sheriff's department to be served. As of the April 7 trial date, no witnesses had been served. He claims that he was prevented from putting forth a defense because, being indigent, he had no funds to acquire service on his own. He therefore had to rely on the county to serve subpoenas, which it did not timely do.

The decision to deny a continuance is within the sound discretion of the circuit court and will not be disturbed absent a clear abuse of that discretion. *Hendrix v. State*, 2019 Ark. 351, at 3, 588 S.W.3d 17, 19. An appellant must establish that the circuit court abused its discretion and show that the decision resulted in prejudice amounting to a denial of justice. *Id.*, 588 S.W.3d at 19. Prejudice is not presumed in this context. *Id.*, 588 S.W.3d at 19.

A continuance should be granted only upon a showing of good cause. Ark. R. Crim. P. 27.3. In considering a motion for continuance, the court should "tak[e] into account not only the request or consent of the prosecuting attorney or defense counsel, but also the public interest in prompt disposition of the case." Ark. R. Crim. P. 27.3; *Hendrix*, 2019 Ark. 351, at 4, 588 S.W.3d at 19. The court should also consider (1) the diligence of the movant; (2) the probable effect of the testimony at trial; (3) the likelihood of procuring the attendance of the witness in the event of a postponement; and (4) the filing of an affidavit, stating not only what facts the witness would prove but also that the movant believes them to be true. *Id.*, 588 S.W.3d at 20. A lack of diligence alone is a sufficient basis to deny a motion for continuance. *Id.*, 588 S.W.3d at 19–20.

Here, on the morning of trial, McCauley's trial counsel moved for a continuance:

> Your Honor, my office issued and delivered subpoenas to the Hot Spring County Sheriff's Office on April the 1st and in checking on that to see if my subpoenas have been served, my final check was this morning by my secretary, and as of 10:30 this morning, zero (0) of the six (6) subpoenas that I have issued have a

record of service. . . . As a result of our subpoenas not being served, that prejudices our client and I would ask for a continuance based upon the fact that we are unable to bring our witnesses.

The circuit court asked McCauley's trial counsel if he had spoken with the witnesses, and counsel responded, "Not recently, no." He explained that he did not have phone numbers for most of them but did have mailing addresses. The circuit court asked what trial counsel anticipated their testimony to be, and he stated, "To be honest, I'm not sure." Finally, the circuit court asked how McCauley was going to be prejudiced by not having those witnesses attend trial when counsel did not know what they were going to say. Trial counsel responded, "[McCauley] has the right to subpoena witnesses . . . and he's being deprived of that particular right at this time." The circuit court denied McCauley's motion for continuance. It found that McCauley had failed to act diligently in attempting to procure the witnesses and failed to show prejudice by their absence because their anticipated testimony was unknown.

We agree with the circuit court's denial of McCauley's continuance motion for lack of diligence and failure to show prejudice. Again, we have stated that a lack of diligence alone is a sufficient basis to deny a motion for continuance. *Hendrix*, 2019 Ark. 351, at 4, 588 S.W.3d at 20. McCauley was arrested on November 6, 2019, and charged with the rape of MC on April 1, 2020. But McCauley's trial counsel admittedly made no attempt to have subpoenas served on the witnesses until six days before McCauley's April 7, 2022 jury trial, and he waited until the morning of trial to move for a continuance. Further, McCauley has failed to show prejudice necessary to prevail on this point, given that on the morning of trial, his trial counsel had no phone numbers for the witnesses, had not spoken to them

6

recently, and did not know what their anticipated testimony would be. *See id.*, 588 S.W.3d at 20.

In support of his argument, McCauley cites two statutes—Arkansas Code Annotated sections 16-43-208 (Repl. 1999) and 17-90-107 (Repl. 2018). First, section 16-43-208 addresses only the issuance of subpoenas and the number of witnesses allowed. "The statute is silent, however, about the duty of the sheriff to serve those subpoenas once they have been issued." *MacKintrush v. State*, 334 Ark. 390, 404, 978 S.W.2d 293, 299 (1998). Second, section 17-90-107 addresses service of subpoenas issued by the State Board of Optometry. Neither statute establishes that the circuit court abused its discretion in denying McCauley's continuance motion in this case. Accordingly, we hold that the circuit court did not abuse its discretion, and we affirm.

III. *Rule 4-3(a)*

Because McCauley received a life sentence, this court, in compliance with Arkansas Supreme Court Rule 4-3(a), has examined the record for all objections, motions, and requests made by either party that were decided adversely to McCauley. No prejudicial error has been found.

Affirmed.

*Gregory Crain*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.