Cite as 2025 Ark. 9

# SUPREME COURT OF ARKANSAS
**No.** CR–24–284

| | | |
|---|---|---|
| | | **Opinion Delivered:** February 13, 2025 |
| JAMES WOODS | APPELLANT | APPEAL FROM THE LAWRENCE COUNTY CIRCUIT COURT [NO. 38CR–23–138] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE ROB RATTON, JUDGE |
| | | AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

James Woods appeals his convictions for one count of engaging a child in sexually explicit conduct for use in visual or print medium and one count of pandering or possessing visual or print medium of a child engaging in sexually explicit conduct. Woods argues that there is insufficient evidence to support either conviction. Because substantial evidence supports Woods's convictions, we affirm.

## I. *Background*

James Woods raped and sexually assaulted a minor victim. This happened over the course of three months when she was twelve and thirteen years old. When Woods raped and sexually assaulted her, he filmed the acts. For this, the State charged him with one count of rape, four counts of pandering or possessing visual or print medium depicting sexually explicit conduct involving a child (hereinafter, "pandering"), four counts of engaging a child in sexually explicit conduct for visual or print medium (hereinafter,

"engaging"), and one count of sexual assault in the second degree. After the circuit court granted Woods's directed verdict for one of the pandering charges and one of the engaging charges, a Lawrence County jury convicted him on the remaining eight counts. Woods was sentenced to life imprisonment for the rape and a total of 149 years' imprisonment for the remaining convictions.

On appeal, Woods challenges the sufficiency of evidence for only two of the eight convictions: one conviction for pandering and one conviction for engaging. Both convictions relate to a two-second video of the minor victim's bloody vagina.

Police learned of an inappropriate relationship between Woods and the minor victim when the minor victim's mother discovered text messages "of a sexual nature" between Woods and her daughter. The minor victim then revealed to her mother that Woods had "molested" her from July through September 2023. After police reviewed the minor victim's phone, they executed a search warrant for Woods's phone, and three sexually explicit videos of the minor victim were discovered in a hidden folder. The minor victim knew the password to both the phone and the hidden folder and shared it with police.

At trial, Detective Chris Parnell of the Walnut Ridge Police Department testified that exhibit 2—the subject of Woods's appeal—was a "short" two-second video "of the victim's vaginal area that has blood on her legs." Detective Parnell also testified that the two other unchallenged videos—exhibits 3 and 4—were "a two-minute, two-second video of the victim having a dildo inserted into her vagina – vibrator" and a "[t]hree-minute-and-forty-second video also of the victim with a vibrator dildo inserted in her vagina[,]" respectively.

Regarding exhibit 3, the minor victim identified the voice in the video as her own. For exhibit 4, the minor victim's mother identified her daughter's voice and Woods's voice as the voices in the video. The mother also identified a marijuana poster in the background of one of the videos as the same poster that was on a wall in Woods's bedroom.

Body-camera footage of Woods's arrest was also introduced at trial. The video records Woods asking Detective Parnell how he got the password for his phone and hidden folder. When Detective Parnell revealed that someone had told him, Woods responded, "There's only one other person that would know." After an unrelated back-and-forth, Woods told Detective Parnell, "I know you didn't have my face." Detective Parnell testified that once he and Woods reached the jail, Woods told him that "this was not [his] idea from the beginning."

At the close of the State's case, Woods moved for a directed verdict on all counts. The circuit court granted Woods's motion for a directed verdict on one of the four counts of pandering and on one of the four counts of engaging. The circuit court, however, denied Woods's motion on the remaining counts. The jury convicted Woods on all remaining counts and sentenced him to life imprisonment plus 149 years.

## II. *Discussion*

Because Woods received a sentence of life imprisonment, this court has jurisdiction over his appeal.[1] A motion for a directed verdict is a challenge to the sufficiency of the

---

[1]Ark. Sup. Ct. R. 1–2(a)(2).

evidence.[2]  When considering a challenge to the sufficiency of the evidence, this court views the evidence in the light most favorable to the State and considers only the evidence that supports the verdict.[3]  This court will affirm a conviction if there is substantial evidence to support it, which means "the evidence is of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture."[4] Substantial evidence can be direct or circumstantial.[5]

Whether circumstantial evidence excludes every hypothesis consistent with innocence is for the jury to decide, not this court.[6]  Likewise, the jury, rather than this court, is responsible for resolving questions concerning the credibility of witnesses.[7]  In resolving conflicting testimony and inconsistent evidence, the jury is entitled to believe the State's account of the facts rather than the defendant's version.[8]  Additionally, jurors are not required to set aside their common knowledge when deciding a case; they have a right to consider all the evidence in light of their own observations and experiences in the affairs of

---

[2]*Jeffery v. State*, 2024 Ark. 96, at 8, 688 S.W.3d 139, 143.

[3]*Turner v. State*, 2024 Ark. 171, at 5, 699 S.W.3d 369, 373.

[4]*Id.*, 699 S.W.3d at 373.

[5]*Id.*

[6]*Id.*, 699 S.W.3d at 374.

[7]*Id.* at 6, 699 S.W.3d at 374.

[8]*Id.*

life.[9]  Finally, as in every criminal case, the State has the burden of proving that the defendant charged is the one who committed the crime.[10]  "However, that connection can be inferred from all the facts and circumstances of the case."[11]

The crime of pandering or possessing visual or print medium depicting sexually explicit conduct involving a child makes it illegal to "[k]nowingly solicit, receive, purchase, exchange, possess, view, distribute, or control any visual or print medium depicting a child participating or engaging in sexually explicit conduct."[12]  Relatedly, the crime of engaging a child in sexually explicit conduct for use in visual or print medium is committed when a person, eighteen years of age or older, "employs, uses, persuades induces, entices, or coerces any child to engage . . . in any sexually explicit conduct for the purpose of producing any visual or print medium depicting the sexually explicit conduct[.]"[13]

As detailed above, the State introduced three videos at trial that were recovered from Woods's cell phone.  Two of these videos (for which Woods does not challenge the related convictions on appeal) showed Woods inserting a dildo vibrator into the minor victim's vagina.  The State established the identity of the minor victim through testimony from both the minor victim and her mother, who identified the minor victim's voice in the videos.

---

[9]AMI Crim.2d 103.

[10]*Standridge v. State*, 357 Ark. 105, 113, 161 S.W.3d 815, 818 (2004).

[11]*Id.*

[12]Ark. Code Ann. § 5-27–304(a)(2) (Repl. 2024).

[13]Ark. Code Ann. § 5-27–303(a) (Repl. 2024).

5

The minor victim's mother also identified Woods's voice in one of the videos and testified that she recognized a poster on the wall as the same poster that was in Woods's bedroom. And importantly, these videos were found in a hidden folder on Woods's phone. Additionally, Woods's comments to Detective Parnell that he knew the videos "didn't have [Woods's] face" and that it "was not [Woods's] idea from the beginning" established that Woods had knowledge of not only the videos on his phone but also the circumstances surrounding the creation of the videos.

Even though neither Woods's nor the minor victim's voice or face are revealed in the two-second video, there is nevertheless substantial evidence to support Woods's convictions for pandering and engaging. Contrary to Woods's contentions, the jury could properly conclude that the challenged video was a video of the minor victim and that Woods had filmed the video.[14] Because the two-second video is substantially similar to the other two videos that led to Woods's convictions (which he does not appeal), the jury could have concluded, without resorting to speculation or conjecture, that (1) the subject of the two-second video was the minor victim, and (2) Woods had filmed the video. Considering all this evidence and viewing it in the light most favorable to the State, substantial evidence supports Woods's convictions for pandering and engaging.

III. *Conclusion*

Woods's convictions for pandering and engaging are supported by substantial evidence; therefore, we affirm. Because Woods received a sentence of life imprisonment,

---

[14]Woods does not argue that the video does not depict sexually explicit conduct.

the record has been reviewed for all errors prejudicial to him as required by Arkansas Supreme Court Rule 4–3(a).  No reversible error was found.

Affirmed.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.