Cite as 2026 Ark. App. 171

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CR-25-338

| | | |
|---|---|---|
| JOHN LANG | | Opinion Delivered March 11, 2026 |
| | APPELLANT | |
| | | APPEAL FROM THE GREENE COUNTY CIRCUIT COURT |
| V. | | [NO. 28CR-23-421] |
| | | |
| STATE OF ARKANSAS | | HONORABLE RANDY F. PHILHOURS, |
| | APPELLEE | JUDGE |
| | | |
| | | AFFIRMED |

**STEPHANIE POTTER BARRETT, Judge**

A Greene County Circuit Court jury convicted appellant, John Lang ("Lang"), of two counts of rape and one count of second-degree sexual assault. He was sentenced to an aggregate term of seventy years' imprisonment in the Arkansas Division of Correction. On appeal, Lang argues there is insufficient evidence to support his rape convictions. We affirm.

On July 21, 2023, Lang was charged by felony information with two counts of rape and one count of second-degree sexual assault involving a minor victim ("MV1") under the age of fourteen. The State later filed an amended felony information reflecting the same charges on December 16, 2024. A jury trial was held on December 17, 2024.

At trial, MV1 testified that Lang lived with her family when she was approximately eleven years old. She stated that Lang was married to her aunt, Mo Shem, at the time and that they shared a room for several years. MV1 further testified that, during the period Lang

lived in the home, he engaged in conduct toward her that made her uncomfortable and was inappropriate. She testified that these acts happened between the ages of eleven and thirteen.

MV1 testified that Lang would rub her vagina with his fingers, both over and under her clothing. She stated Lang would rub her vagina with her clothes on once or twice a week. MV1 also stated he would rub his penis on her vagina, and he would try to put her fingers in her vagina when she did not have clothes on. MV1 explained that when he placed his fingers in her vagina, he would insert them only "a little bit" and "not all the way" because it hurt her. She testified he also "lick[ed]" her vagina on two occasions.

MV1 recalled that Lang tried to insert his penis in her vagina on one or two occasions. She stated that "he would push hard and – like he would take his penis and push it in, but it didn't go in because I told him to stop because it hurt." In response to questioning, MV1 confirmed it started hurting when Lang's penis was "a little bit" inside her vagina, and he tried to insert it further. MV1 explained the acts occurred in the shared bedroom, where Lang would lock the door and place a blanket over her head beforehand.

In 2023, after Lang moved out of the house, MV1 eventually disclosed these incidents to her mother. Following the disclosure, MV1 went to the police station and spoke with an officer about Lang.

After MV1 testified, the State called three additional witnesses whose testimony related to other alleged incidents involving Lang. An eleven-year-old second minor victim ("MV2") testified that Lang is her cousin and that he lived with her in 2023 for a few months. She further testified that Lang touched her boobs and rubbed her vagina above her clothes

2

a few times and that it occurred in the living room or downstairs or in her parents' room. A seventeen-year-old third minor victim ("MV3") testified that one time after she was done showering, she went to the room to get her clothes. When she went into the room, Lang was in there. He reached under her towel and grabbed her breast. She also testified that he once cuddled her while she was in bed and kissed her on the mouth with his tongue. A sixteen-year-old fourth minor victim ("MV4") testified that when she was between the ages of five and seven Lang rubbed her vagina over her clothes while she was sleeping on the couch one time, and she acted like she was asleep when it was happening.

The State also presented testimony from law enforcement officers involved in the investigation. Officer Neeley Crowder of the Paragould Police Department testified he met with MV1's mother and prepared a report regarding allegations of inappropriate touching by Lang, which was forwarded to the criminal investigation division.

Detective Jacob Higdon, a supervisor in the criminal investigation division, testified the report was assigned to him and he conducted interviews with the victims and their parents, as well as with Lang. The State introduced Lang's recorded interview in which he denied the victims' allegations, and the recording was admitted into evidence and played for the jury.

At the close of the State's case, Lang moved for a directed verdict, arguing the State failed to provide sufficient proof of penetration to support the rape counts; the circuit court

denied the motion.[1] After presenting no witnesses and resting his case, Lang renewed his motion for directed verdict, which the circuit court again denied. The jury subsequently found Lang guilty of all three charged offenses, and he was sentenced to an aggregate term of seventy years' imprisonment.

On appeal, this court treats a motion for directed verdict as a challenge to the sufficiency of the evidence. *Armstrong v. State*, 2020 Ark. 309, at 5, 607 S.W.3d 491, 496. In reviewing a sufficiency-of-the-evidence challenge, this court views the evidence in the light most favorable to the State and considers only the evidence supporting the verdict. *Cox v. State*, 2025 Ark. App. 437, at 3, 722 S.W.3d 793, 796. A conviction will be affirmed by this court if there is substantial evidence to support it. *Lester v. State*, 2024 Ark. App. 206, at 8, 687 S.W.3d 344, 352. Substantial evidence is forceful enough to compel a conclusion one way or the other without resorting to suspicion or conjecture. *See id.* at 9. The duty of resolving conflicting testimony and determining the credibility of witnesses is left to the discretion of the jury. *Cox*, 2025 Ark. App. 437, at 3–4.

For his sole point on appeal, Lang challenges the sufficiency of the evidence supporting his two counts of rape. He specifically argues the State failed to prove the penetration element as to each count of rape.

To convict Lang of rape, the State had to prove he engaged in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. Ark. Code

---

[1]Lang's motion for directed verdict at trial also addressed the sexual-assault charge, but he does not challenge that conviction on appeal.

Ann. § 5-14-103(a)(3)(A) (Repl. 2024)[2] Deviate sexual activity includes "the penetration, however slight, of the labia majora or anus of a person by any body member or foreign instrument manipulated by another person." Ark. Code Ann. § 5-14-101(1)(B). Sexual intercourse means "penetration, however slight, of the labia majora by a penis." Ark. Code Ann. § 5-14-101(13).[3]

Penetration may be established through circumstantial evidence, and such evidence is sufficient when it "gives rise to more than a mere suspicion, and the inference that might reasonably have been deduced from it would leave little room for doubt." *Fernandez v. State*, 2010 Ark. 148, at 4, 362 S.W.3d 905, 907 (citing *Young v. State*, 374 Ark. 350, 354, 288 S.W.3d 221, 224 (2008)). A rape victim's uncorroborated testimony describing penetration may constitute substantial evidence to sustain a conviction of rape, even when the victim is a child. *McCauley v. State*, 2023 Ark. 68, at 4, 663 S.W.3d 383, 386; *Sawyers v. State*, 2024 Ark. App. 590, at 4–5, 704 S.W.3d 126, 130. Moreover, a victim is not required to specifically state that her labia majora was penetrated for the jury to find that the penetration element has been satisfied. *See Thatcher v. State*, 2023 Ark. App. 369, at 6, 675 S.W.3d 439, 444.

---

[2]Arkansas Code Annotated section 5-14-103 was amended effective August 5, 2025. The offenses in this case occurred before the amendment; therefore, this opinion analyzes the prior version of this statute.

[3]The jury received an instruction that rape could be committed by sexual intercourse; however, it was not instructed on the definition.

MV1 testified that Lang digitally penetrated her vagina "a little bit," stating that it was "not all the way" because it hurt. She further testified that, on one or two occasions, he pushed his penis against her and inserted it "a little bit" into her vagina and that he "lick[ed]" her vagina on two occasions. The statutory definition requires only slight penetration of the labia majora, and a victim is not required to describe penetration in precise or technical terms. *See* Ark. Code Ann. § 5-14-101; *Thatcher v. State*, 2023 Ark. App. 369, at 6, 675 S.W.3d 439, 444; *Hartley v. State*, 2022 Ark. 197, 654 S.W.3d 802.

In *Hartley*, the Arkansas Supreme Court held that the minor victim's testimony regarding penetration constituted substantial evidence sufficient to support rape convictions, even though the victim did not use technical or precise language to describe the penetration. 2022 Ark. 197, 654 S.W.3d 802. The court further emphasized the victim's testimony describing the conduct and resulting pain, which gave rise to more than suspicion and left little room for doubt that the labia majora had been penetrated, even if only slightly. *Id.* at 4-6.

Likewise, MV1's testimony that penetration occurred "a little bit" together with her description of the repeated sexual acts on multiple occasions, provided the jury with a sufficient basis to conclude that penetration occurred. Accordingly, we hold that substantial evidence supports each of Lang's rape convictions, and we affirm.

Affirmed.

VIRDEN and HARRISON, JJ., agree.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.